IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RON FENN,

    Plaintiff,

v.                                            Civ No.

CITY OF TRUTH OR CONSEQUENCES,
MICHAEL APODACA, Truth or Consequences
Police Captain Individually Acting Under the Color
of Law, POLICE CHIEF LEE ALIREZ, Individually
Acting Under the Color of Law,  and DANIEL HICKS, Director
of Spaceport American, Individually Acting Under
the Color of Law,

    Defendants.

## COMPLAINT DUE TO DEPRIVATION OF CIVIL RIGHTS
## AND MALICIOUS ABUSE OF PROCESS

Plaintiff brings this action to recover damages for violations of his civil rights pursuant to 42 U.S.C. 1983 and for retaliation and harassment under the color of law, including malicious prosecution and defamation by Defendants, with the intent to bring harm.

## INTRODUCTION

This case arises from the intentional malicious abuse of process by Defendants against Plaintiff Ron Fenn.

## PARTIES

1.     Plaintiff Ron Fenn is a resident of Sierra County, New Mexico.

2.     Defendant City of Truth or Consequences is located in Sierra County, New Mexico.

3.     Defendant Michael Apodaca is a Police Captain for the City of Truth or Consequences and is sued in his individual capacity acting under the color of law.

4. Defendant Lee Alirez is the Chief of Police for the City of Truth or Consequences and is sued in his individual capacity acting under the color of law.

5. Defendant Daniel Hicks is the Director of Spaceport America and is sued in his individual capacity acting under the color of law.

**JURISDICTION AND VENUE**

6. This action arises under 42 U.S.C. § 1983.

7. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the Parties pursuant to 28 U.S.C. §§ 1331 and 1343.

8. The Court has authority to grant the requested relief pursuant to 28 U.S.C. § 1343(a)(1) and (2) and to redress the deprivation under 28 U.S.C. § 1343(a)(3). This Court also has authority to grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

9. Venue lies in this district pursuant to 28 U.S.C. § 1391.

**FACTUAL BACKGROUND**

10. Plaintiff has been very outspoken regarding his disagreement with the city of Truth or Consequences regarding the lease of a city building to public entities. He has frequently attended meetings and publicly protested in traditional forums against the use of Truth or Consequences funds for the benefit of Spaceport America.

11. On June 26, 2015, Larena M. Miller, an employee of the Geronimo Trails Scenic By-Way, housed at 301 S. Foch St. in Truth or Consequences, requested that Plaintiff Ron Fenn "be trespassed" from the location at 301 S. Foch St. (*See* Exhibit 1 – Truth or Consequences Police Department Crime Report for Case Number: 2017-0602, dated June 18, 2017).

12. Ms. Miller also stated that Mr. Fenn had been offensive to her, and that she felt unsafe around Mr. Fenn because of his opposition of the current use of the building. Ex 1 and 2.

13. On that same date, Rosemary Bleth, the Chief Executive Officer for Follow the Sun Tours, Spaceport America Visitor Center, located 301 S. Foch St., Truth or Consequences, New Mexico, contacted the Truth or Consequences Police Department to report improper soliciting. (*See* Exhibit 2 – Truth or Consequences Police Department Crime Report for Case Number 2015-0588, dated June 26, 2015).

14. Ms. Bleth identified Plaintiff to the police officer, stating that he had been demonstrating against the opening of the Spaceport Visitors Center, indicating that she was not actually there, but that her manager, Steven Bleth, had reported this to her. Ex. 2.

15. Mr. Bleth told the officers that he had observed Mr. Fenn walking around the inside of the center engaged in conversation with an unidentified woman. They approached the counter, requesting a pen and paper, which he used to jot down her email address. Ex 2.

16. Mr. Bleth alleged that Mr. Fenn then handed a business card to the female which said, "Spaceport Tour Video Memory Services", and that Mr. Fenn informed her that for a $10.00 donation he would send her a collection of videos. Ex 2.

17. Mr. Bleth informed the officers that Mr. Fenn had been a very vocal opponent to the opening of the Spaceport Visitor Center, and that Mr. Belth had been instructed by the Chief Executive Officer to notify her immediately of any visit by Mr. Fenn. Ex 2.

18. Rosemary Bleth arrived at the location at approximately 10:00 and notified the officer the she was interested in a criminal trespass order against Mr. Fenn to prevent him from entering the location. Ex 2.

19. A trespass authorization was issued at the request of the Space Port America Visitors Center Representative Rosemary Bleth restricting Ron Fenn from the property located at 301 S. Foch. Ex 1.

20. At approximately 11:00 am of the same day, Captain Apodaca and Chief Alirez of the Truth or Consequences Police Department attempted to serve the trespass authorization forms on Ron Fenn at his residence. Although Mr. Fenn took receipt of the forms, he refused to sign them. Ex 1. Ex 2.

21. Chief Alirez asked Mr. Fenn for a copy of the business cards he had been handing out. Mr. Fenn provided a copy of his cards, which on the front held the statement "Help save our Lee Belle Johnson Senior Recreation Center…" and contained Mr. Fenn's telephone number. Ex 2.

22. Chief Alirez question Mr. Fenn at that that time as to his business status, and if he currently possessed a City of Truth or Consequences business license.

23. Chief Alirez then met with the Clerk for the City of Truth or Consequences, had a records check conducted, and verified that Mr. Fenn did not posses a business license within the City of Truth or Consequences.

24. Mr. Fenn was prosecuted in the City of Truth or Consequences Municipal court for Conducting business without a license and was subsequently convicted on September 9, 2015. Ex 1.

25. On October 10, 2016, Linda DeMarino contacted the Police Department and reported the Plaintiff Fenn had again entered the location at 301 S. Foch and was making "obnoxious comments". Captain Apodaca was dispatched to the location. Ex 1, Ex 6.

26. Ms. DeMarino informed the officer that Mr. Fenn had been "carrying on" about dismay of the building no long being in use as a senior center. Ms. DeMarino filmed Mr. Fenn's behavior with her phone, at which time Mr. Fenn began filming her as well. Ex 6.

27. Ms. DeMarino was asked to preserve the video footage in the even of criminal trespass charges.

28. On May 5, 2017, Captain Apodaca was again detailed to 301 S. Foch in reference to Plaintiff Fenn being on the property in violation of trespass orders. Ex 1.

29. The reporting party was John Muenster, a volunteer of Geronimo Trail Scenic Byway Center. Ex 1.

30. Mr. Fenn was at the location setting up posters on a counter inside the center.

31. Captain Apodaca informed Mr. Fenn that he "could put up his propaganda and stay… but not to harass any visitors". (Exhibit 5 – Incident Narrative of Captain Apodaca)

32. Captain Apodaca took Mr. Muenster's statement, including his concern about expensive items kept in the center being damages or stolen. At that time, Captain Apodaca told Mr. Muenster that he and the Chief of Police would attempt to update the trespass order against Mr. Fenn with either the current tenant or the person in charge of the Spaceport America Visitor's Center. Spaceport America is a governmental subdivision of the State of New Mexico. Ex 5.

33. According to Chief Alariz', on May 11, 2017, Daniel Hicks, CEO of Space Port America requested a trespass order on Plaintiff Fenn from Chief Alirez based on prior incidents as a preventive measure. Ex 1.

34. There has been no staff in the Spaceport America Visitor Center since their MOU was signed in March of 2017.

35. Chief Alirez drove 75 miles to the offices of Spaceport America in Las Cruces for hMr. Hicks' signature the day after the May 10, 2017 police report of Captain Apodaca

36. Chief Alirez met with Plaintiff Fenn on May 12, 2017 to serve the new trespass order from Space Port America. Plaintiff again refused to sign but took receipt of the form. Ex 1.

37. June 4, 2017, Larena M. Miller again contacted the Truth or Consequences police department to report Plaintiff Fenn inside the premises at 301 S. Foch. Ex 1.

38. Sergeant E. Baker responded and located Mr. Fenn inside the *common use are of the building*. There is a satellite city library also housed at the location. Plaintiff was in the area of the building housing the library. Ex 1.

39. Sergeant Baker told Plaintiff to leave, and he refused as he was in the public section of the building, and not visiting Space Port America, nor Geronimo Trail Scenic Byway Center. Ex 1.

40. Chief Alirez also came to the scene to speak with Plaintiff Fenn and told him to leave. Plaintiff again refused and Chief Alirez left the area. Ex 1.

41. Chief Alirez then met with Plaintiff Fenn June 13, 2017 in the police chief's office. He offered to hold the newest citation for trespass violation in abeyance as long as Plaintiff Fenn had no further violations of the same nature at the location in question. Ex 1.

42. Plaintiff refused again, as he has a right to access the public locations in Truth or Consequences.

43. On June 18, 2017, Officer Ontiveros was dispatched to the 301 S. Foch location in reference to a call the Plaintiff Fenn was again visiting the premises.

44. Upon arrival, Officer Ontiveros located Plaintiff "within the common area of the areas he had previously been trespassed from" Ex 1, Ex 7.

45. Mr. Fenn informed Officer Ontiveros that he was not trespassing but was protesting the building having been taken away from the citizens of Truth or Consequences and that he was waiting for people to come in and sign his petition. Ex 7.

46. A direct verbal command to leave the building was issued by Officer Ontiveros and Plaintiff refused to leave.

47. Chief Alirez was called, and when he arrived on scene again directed Plaintiff to leave, again Plaintiff refused. Ex 1, Ex 7.

48. Chief Alirez then arrested Plaintiff Fenn and he was transported to the Sierra County Detention facility.

49. On June 19, 2017 a Criminal Complaint was filed against Mr. Fenn in the Sierra Magistrate Court, case no. M-51-MR-2017-00256, charging him with; i) Resisting, Evading or Obstructing an Officer pursuant to NMSA 30-22-1(D), and ii) Criminal Trespass pursuant to NMSA 30-14-1(C). (Exhibit 3, Docket for magistrate case 256).

50. On June 26, 2018, a criminal complaint was filed against Mr. Fenn in the Sierra Magistrate Court, case no. M-51-MR-2017-00293, charging him with; i) 2 counts of Resisting, Evading or Obstructing an Officer pursuant to NMSA 30-22-1(D), and ii) Criminal Trespass pursuant to NMSA 30-14-1(C). (Exhibit 4, Docket for magistrate case 293).

51. Mr. Fenn pled not guilty to all charges.

52. An arraignment was held in both cases on June 26, 2017 and Mr. Fenn was released on personal recognizance, placed on probation and was ordered not to be in or near the Lee Bell Johnson Center located at 301 S. Foch.

53. Mr. Fenn filed a Motion to Dismiss for Failure to Establish Essential Elements of Offense in M-51-MR-2017-00293 on August 8, 2017, a Response to the Motion was filed August 22, 2017 and a Hearing held on the Motion on August 25, 2017.

54. The Motion to Dismiss was denied.

55. September 12, 2017, current counsel for Mr. Fenn entered its appearance.

56. Mr. Fenn sent a Demand Notice on September 14, 2017 to former city manager Jaime Aguilera, on behalf of the taxpayers of Truth or Consequences, requesting repayment of funds made on Aguilera's behalf into the Rotary Club from the public coffers. The "Demand Letter" requested that the repayment be made into the General Fund for Truth or Consequences. Mr. Fenn signed the letter as "Co-CEO, City of Truth or Consequences".

57. On September 14, 2017, Coppler Law Firm sent a cease and desist letter to Mr. Fenn insisting that he stop misrepresenting himself as a purported officer of the City, and that if Mr. Fenn did not do so he would be subject to legal action from the City. Exhibit 8 – Letter from Coppler Law Firm

58. Both of the magistrate cases filed against Mr. Fenn were Dismissed Without Prejudice *Nolle Proseque* on October 11, 2017.

## FIRST CAUSE OF ACTION:
## 42 U.S.C. 1983 - VIOLATION OF FIRST AMENDMENT

59. Plaintiff re-alleges each and every one of the above paragraphs as if fully set forth herein.

60. The First Amendment of the United States Constitution protects an individual's freedom of expression, freedom of speech and an individual's right to petition his government for redress.

61. Plaintiff has a right to be free from retaliation for exercising his First Amendment rights.

62. Defendants each and every one of them to actions took actions to explicitly prohibit Plaintiff from engaging in protected speech on the basis of the content of his speech.

63. Defendants, all of them, by the action of trespassing, requesting removal, removal, arrest or prohibiting Plaintiff's lawful and peaceful protest deprived Plaintiff of his First Amendment rights on the basis of the content of his speech in violation of the United States Constitution.

64. Plaintiff Fenn has been subjected, as a result of the recited acts, to deprivations of his rights under color of law and per the customs, policies and usages of the County, of rights, privileges and immunities secured to him by the Constitution and laws of the United States and in particular his right to freedom of speech and to petition his government as protected by the First Amendment to the United States Constitution.

65. The Defendants have engaged in, created or condoned a policy of violating Plaintiff's First Amendment rights and retaliating against Plaintiff for engaging in his right to petitioner his government. Defendants have engaged in such conduct in clear violation of law.

66. As a direct and proximate result of the retaliatory and vindictive acts by Defendants, Plaintiff has suffered injuries consisting of deprivation of a constitutional right for which Defendants are liable.

67. Defendants are also subject to punitive damages for their conduct.

## SECOND CAUSE OF ACTION:
## MALICIOUS PROSECUTION, ABUSE OF PROCESS BY DEFENDANTS APODACA AND ALARIZ

68. Plaintiff re-alleges each and every one of the above paragraphs as if fully set forth herein.

69. Defendants Alariz and Apodaca with the assistance of officers under their control, arrested, charged and prosecuted Plaintiff for unjustified charges that were not supported in law or fact for the express purpose of harming and harassing Plaintiff.

70. Defendants violated Plaintiff's constitutionally protected rights in an effort to chill his activities and retaliate against him for disclosing their malfeasance. Their actions of arrest and prosecution were specifically designed to prevent and deter Plaintiff from the lawful and peaceful exercise of his rights, as such actions would deter any person of ordinary firmness from lawful exercise of speech and protest under the threat of criminal prosecution.

71. As a direct and proximate result of the retaliatory and malicious prosecution and abuse of process, Plaintiff suffered injuries for which Defendants are responsible.

72. The Defendants are also subject to punitive damages for their conduct.

### THIRD CAUSE OF ACTION:
### 42 U.S.C § 1983 – MUNICIPAL & SUPERVISORY LIABILITY FOR VIOLATIONS OF FEDERAL CONSTITUTIONAL RIGHTS (By Plaintiff Against Defendants City of Truth or Consequences and Chief Lee Alirez for Each of the Aforementioned Federal Violations)

73. Plaintiff incorporates all of the preceding paragraphs as if fully stated herein.

74. Defendants City of Truth or Consequences and Chief of Police Lee Alirez are authorized policymakers and responsible for creating, and adhering to, policies, procedures, and customs for the City of Truth or Consequences. Defendants City of Truth or Consequences and Chief of Police Lee Alirez are responsible for the hiring, supervision, and training of the City's employees, contractors and agents.

75. Defendants City of Truth or Consequences and Chief of Police Lee Alirez created a climate that led other Defendants consisting of officers of the city, to believe that they could act

with impunity, violate civil rights, and otherwise conduct himself in the manner described herein.

76. Defendants City of Truth or Consequences and Chief of Police Lee Alirez failed to properly train, supervise, and admonish Defendants.

77. There is a causal connection between Truth or Consequences' failure to train, supervise, and admonish their employees including Chief Lee Alirez leading to the violation of Plaintiff's constitutional rights.

78. Defendant Truth or Consequences failure to properly train, supervise, and admonish their employees amounts to deliberate indifference.

79. The policies, customs, decisions and practices of Truth or Consequence that promoted retaliation against an outspoken citizen who was critical of the City's actions along with their failure to train, supervise, and admonish, were willful, wanton, obdurate and in gross and reckless disregard of Plaintiff's rights.

80. Defendants acts and omissions caused Plaintiff to suffer severe emotional distress and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A. A trial on the merits before a jury;

B. A declaration that the actions of identified Defendants described in this Complaint violated Plaintiffs' Constitutional rights under the First Amendment of the United States Constitution and Article II, Section 17 of the New Mexico Constitution;

C. General and specific compensatory damages according to proof;

D. Punitive damages in such amount as will sufficiently punish defendants for their willful and malicious conduct and as will serve as an example to prevent a repetition of such conduct in the future;

E. Interest on such damages awarded at the legal rate from the date of judgment until paid;

F. An order granting Plaintiffs' costs and attorney fees; and

G. Any and all other relief that may be appropriate as deemed by this Court.

## JURY DEMAND

Plaintiff also requests a jury trial.

WESTERN AGRICULTURE, RESOURCE
AND BUSINESS ADVOCATES, LLP

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.
Dori E. Richards, Esq.
400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060
abdunn@ablairdunn-esq.com
dorierichards@gmail.com