IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RON FENN,

    Plaintiff,

v.                                        Civ. No. 18-634 WJ/GBW

CITY OF TRUTH OR CONSEQUENCES, *et al.*,

    Defendants.

## ORDER STAYING DISCOVERY

THIS MATTER is before the Court on the Motion to Stay Proceedings Pending Resolution of Motion to Dismiss Based Upon Qualified Immunity by Defendants City of Truth or Consequences, Alirez and Apodaca ("City Defendants"). *Doc. 14*. The Court, having reviewed the Motion and being otherwise fully advised, finds the Motion to be well-taken and will therefore GRANT it.

**I.    BACKGROUND**

On July 5, 2018, Plaintiff filed his Complaint, raising claims under 42 U.S.C. § 1983. *See generally doc. 1*. On August 2, 2018, the City Defendants filed their Motion to Dismiss. *Doc. 13*. In this Motion, the City Defendants seek dismissal based on, among other grounds, Qualified Immunity. *Id*. Subsequently, on August 7, 2018, the City Defendants filed a Motion to Stay Proceedings Pending Resolution of Motion to Dismiss Based Upon Qualified Immunity. *Doc. 14*. Plaintiff responded on August 21, 2018 that he had no objection to an initial stay of proceedings, but requested that the Court revisit the matter during a status conference within 90 days to determine whether a stay

should continue, since the City Defendants' Motion to Dismiss does not dispose of the entire case nor dismiss all parties. *Doc. 16*. Soon after, on August 28, 2018, the remaining Defendant, Daniel Hicks, filed his own Motion to Dismiss that additionally seeks dismissal based on Qualified Immunity. *Doc. 18*. Finally, on September 4, 2018, the City Defendants filed their Reply, in which they argue that the City Defendants are "entitled to a stay of proceedings, not simply for ninety days, but for the entire time that their motions remain pending." *Doc. 20* at 2. The City Defendants' Motion is now before the Court.

## II.     ANALYSIS

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue of qualified immunity before discovery, if at all possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Jones v.*

2

*City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit has held that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). Moreover, once a single defendant raises the issue of qualified immunity in a dispositive motion, discovery for all defendants should generally be stayed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Upon review of the instant matter, Plaintiff has not demonstrated that the general entitlement to a stay should not apply, and the Court finds that a stay is appropriate. Plaintiff seeks to have the imposition of a stay revisited in 90 days because the City Defendants' Motion to Dismiss does not dispose of the entire case nor dismiss all parties. The Court is unpersuaded. First, the Court notes that all individual defendants have raised a qualified immunity defense in this case. More importantly, even if one defendant seeks qualified immunity on only one of Plaintiff's claims, that defendant would ordinarily be entitled to a stay during the pendency of the motion. *See, e.g., Martin v. City of Albuquerque*, 219 F. Supp. 3d 1081, 1091 (D.N.M. 2015) (holding that discovery should be stayed entirely, even though the relevant qualified immunity defense did not apply to all of the plaintiff's claims). Finally, Plaintiff has made no argument that he would be prejudiced by a stay even if it exceeded ninety days.

THEREFORE, for the foregoing reasons, the City Defendants' Motion to Stay, *doc. 14*, is GRANTED, and this case is hereby STAYED pending the Court's disposition of the City Defendants' Motion to Dismiss (*doc. 13*).

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE