**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**
_____

RON FENN,

      Plaintiff,

      vs.                                      No. 2:18-cv-00634 WJ-GW

CITY OF TRUTH OR CONSEQUENCES,
MICHAEL APODACA, Truth or Consequences
Police Captain individually acting under the color of Law,
LEE ALIREZ, Truth or Consequences Police Chief individually
Acting under color of state law, and DANIEL HICKS,
Director of Spaceport America,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON**
**PLAINTIFF'S SECOND AND THIRD CAUSES OF ACTION**

THIS MATTER comes before the Court upon a Motion for Summary Judgment on Plaintiff's Second and Third Causes of Action, filed by Defendants City of Truth or Consequences, Chief Lee Alirez, and Captain Michael Apodaca ("Defendants" herein) on August 12, 2019 (**Doc. 42**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is granted.

**BACKGROUND**

Plaintiff, a resident of Sierra County, New Mexico, was an outspoken critic of the Spaceport America facility located in Sierra County. According to the complaint, Plaintiff claims that he "has been very outspoken regarding his disagreement with the city of Truth or Consequences regarding the lease of a city building to" Spaceport America. Compl., ¶¶1, 10. He

alleges that "[h]e has frequently attended meetings and publicly protested in traditional forums against the use of Truth or Consequences funds for the benefit of Spaceport America." *Id*. at ¶ 10.[1] Aug. 2, 2018).

Plaintiff has a lengthy history of being asked to leave the Lee Belle Johnson Center, 301 S. Foch St., which was a senior center in Truth or Consequences (where the Spaceport America Visitor's Center is housed, alongside other facilities).  He was ultimately arrested for trespassing at the Johnson Center in June of 2017, and criminal trespass charges were filed against him.  In the criminal case, Plaintiff filed a motion to dismiss for failure to establish essential elements of the offense.  A hearing was held, and the motion to dismiss was denied.  The criminal case was dismissed without prejudice (*Nolle Proseque*) on October 11, 2017.

Plaintiff filed this complaint alleging (1) First Amendment Retaliation; (2) Malicious Prosecution and Abuse of Process; and (3) supervisory and *Monell* liability.

In its prior Memorandum Opinion and Order, this Court granted in part Defendants' First Motion to Dismiss, concluding that:

(1) Defendants Apodaca and Alirez were entitled to qualified immunity on the First Amendment claim (Count I) because a "reasonable [law enforcement] officer could have reasonably believed that probable cause existed for criminal trespass in light of well-established law," Doc. 38 at 8;

(2) Defendant Alirez was also entitled to qualified immunity as to the supervisory liability claim (Count III); and that

(3) Defendant Hicks is entitled to qualified immunity on the First Amendment claim (Count I);

(4) However, the Court found that the *Monell* claim (Count III) against the City of Truth or Consequence remains.

---

[1] A more detailed factual account is contained in the Court's previous Memorandum Opinion and Order, Doc. 38.

**DISCUSSION**

In this motion, Defendants seek summary judgment on the second and third counts in the complaint which assert claims of (1) Malicious Prosecution and Abuse of Process; and (2) supervisory and *Monell* liability.

**I.      Legal Standard**

Defendants have raised the defense of qualified immunity, which shields government officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Romero v. Story*, 672 F.3d 880 (10th Cir. 2012). "In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry." *Tolan v. Cotton*, 134 S.Ct. 1861, 1865(2014). The first prong asks whether the facts, taken in the light most favorable to the party asserting the injury—here the Defendant officers—show that the officer's conduct violated a federal right. The second asks whether the right in question was "clearly established" at the time of the violation. *Id*. at 1865–66 (citations and quotation marks omitted). The Court may consider these two inquiries in any order. See *Pearson,* 555 U.S. 223, 236 (2009).

Once a defendant asserts a defense of qualified immunity, the burden shifts to the plaintiff to show that the defendant violated a constitutional or statutory right, and that the right was clearly established at the time of the conduct. *See McBeth v. Himes*, 598 F.3d 708, 716 (10th Cir. 2010). The contours of the right must be sufficiently clear that a reasonable official would understand what he is doing violates that right." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). Courts may decide "which of the two prongs of the qualified immunity analysis should be

addressed first in light of the circumstances in the particular case." *Pearson*, 555 U.S. at 236 (2009); *Quinn v. Young*, 780 F.3d 998, 1004 (10th Cir. 2015).

As Defendants point out, Plaintiff has not complied with Fed.R.Civ.P.56 by offering any responsive facts to Defendants' thirty-one Statement of Undisputed Facts. Under Rule 56, a party opposing a motion for summary judgment must set out in its response specific facts showing a genuine issue for trial." Failure to do so allows the Court to consider the movant's facts as undisputed and enter summary judgment against the non-movant. *See* Fed.R.Civ.P. 56(e)(2); *Elephant Butte Irr. Dist. of New Mexico v. U.S. Dep't of Interior*, 538 F.3d 1299, 1305 (10th Cir. 2008); *see also* D.N.M.LR-Civ.56.1(b) ("All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted").

All of Defendants' statement of facts are supported by evidence presented in exhibits. Based on Plaintiff's failure to controvert any of these facts, the Court deems as undisputed all facts leading up to Plaintiff's arrest for criminal trespass, as well as the description and disposition of the criminal charges that were filed.

## II.     Second Cause of Action: Malicious Prosecution/Abuse of Process

Plaintiff asserts claims of malicious prosecution/abuse of process against Defendants Apodaca and Alirez.[2]   Defendants contend that Plaintiff cannot maintain a claim for malicious prosecution under the first qualified immunity prong, and that Defendants Alirez and Apodaca are entitled to qualified immunity under the second "clearly established" prong.

### A.     Malicious Prosecution: Probable Cause and Favorable Termination

To state a Section 1983 claim for malicious prosecution, a plaintiff must show:

---

[2] Defendants point out that Captain Apodaca did not actually arrest Plaintiff on June 18, 2017 or file charges against him. Doc. 42 at 11, n.5. Chief Alirez arrested Plaintiff and filed the second complaint regarding the June 4, 2017 encounter with plaintiff. *See* Doc. 38 at 3 (details of encounters and arrests). However, the identity of the arresting officer is not critical for purposes of deciding whether Plaintiff can maintain the second cause of action.

(1) the defendant caused the plaintiff's continued confinement or prosecution;

(2) the original action terminated in favor of the plaintiff;

(3) no probable cause supported the original arrest, continued confinement, or prosecution;

(4) the defendant acted with malice; and

(5) the plaintiff sustained damages.

*Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008); *see also Margheim v. Buljko*, 855 F.3d 1077, 1085 (10th Cir. 2017); *Griffin v. Kinnison*, 2018 WL 1415185, *8 (D.N.M. Mar. 21, 2018) (unpublished). To meet the second element, the plaintiff has the "burden to show that the termination was favorable." *Cordova v. City of Albuquerque*, 816 F.3d 645, 650 (10th Cir. 2016). To carry that burden, a plaintiff must allege facts which, if true, would allow a reasonable jury to find the proceedings terminated "for reasons indicative of innocence." *See M.G. v. Young*, 826 F.3d 1259, 1263 (10th Cir. 2016). A plaintiff must prove lack of probable cause to prosecute as an essential element of his malicious prosecution or false arrest claim. *See, e.g., McCarty v. Gilchrist*, 646 F.3d 1281, 1285-86 (10th Cir. 2011); *U.S. v. White*, 584 F.3d 935, 945 (10th Cir. 2009); *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007); *Hoffman v. Martinez*, 92 F. App'x 628, 631 (10th Cir. 2004) (unpublished). This is so "because not every arrest, prosecution, confinement, or conviction that turns out to have involved an innocent person should be actionable." *See Pierce v. Gilchrist*, 359 F.3d 1279, 1294 (10th Cir. 2004). In a Fourth Amendment malicious prosecution case such as this one, "the third element deals only with the probable cause determination during the institution of legal process." *McGarry v. Bd. of Cnty. Comm'rs for Cnty. of Lincoln*, 294 F.Supp.3d 1170, 1194 (D.N.M. 2018).

1.      *Probable Cause*

The question here is whether the officers "arguably had probable cause." *Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012). The validity of an arrest "does not depend on whether the suspect actually committed the crime; the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979); *see also Summers v. Utah*, 927 F.2d 1165, 1166-67 (10th Cir. 1991) (citations omitted).

Plaintiff's own admissions in the complaint and references to documents attached to the complaint constitute evidence that Defendants arguably had probable cause. *See Guidry v. Sheet Metal Workers Int'l. Ass'n.*, 10 F.3d 700, 716 (10th Cir. 1993) (allegations contained in a complaint can constitute judicial admissions). Plaintiff's trespassing and disruptive activities at the Johnson senior center over a period of nearly two years. He was issued trespass warnings directing him to stay away from center on multiple occasions and by his own admission, Plaintiff ignored or refused orders by law enforcement to leave the center. Moreover, while the criminal charges against plaintiff were pending, the Sierra County Magistrate Court ordered plaintiff to stay away from the Johnson Center/Spaceport America Visitor's Center. *See* Docs. 1-2, 1-3; 1-6 to 1-8; Doc. 23 at 1-2). Thus, under these undisputable facts, arguable (if not actual) probable cause existed to prosecute plaintiff. *See, e.g., Williams v. Town of Greenburgh*, 535 F.3d 71, 78-79 (2d Cir. 2008) (plaintiff's false arrest and malicious prosecution claims failed because "there was probable cause to arrest [plaintiff], who was therefore not deprived of any constitutional right").[3]

---

[3] Defendants argue that Plaintiff is collaterally estopped from challenging the existence of probable cause for his criminal charges under the full faith and credit doctrine, *see* 28 U.S.C. §1738. Doc. 42 at 13. However, given that the Court finds that probable cause existed, this issue is irrelevant to the issues raised in this motion.

2.      *Favorable Termination*

It is not entirely clear whether the original action terminated in Plaintiff's favor. Defendants contend that the *nolle prosequis* does not constitute a favorable termination for Plaintiff because a "bare *nolle prosse* without more is not indicative of innocence." *Wilkins v. DeReyes,* 528 F.3d 790, 803 (10th Cir. 2008). Rather, the "dispositive inquiry is whether the failure to proceed implies a lack of reasonable grounds for the prosecution." *Id.*

Defendants argue that because the *nolle prosequis* was filed without prejudice, it could have been refiled at a later time and does not imply a lack of reasonable grounds for the prosecution. Therefore, they argue, it is insufficient to satisfy the favorable termination requirement. However, *Wilkins* does not entirely resolve the question of whether Plaintiff's case ended favorably. In that case, the Tenth Circuit concluded that the *nolle proseques* "should be considered terminations **in favor of Plaintiffs** [because the] dismissals were not entered due to any compromise or plea for mercy. . . [but rather] they were the result of a judgment by the prosecutor that the case could not be proven beyond a reasonable doubt" and that it was "the State's opinion that currently there is insufficient evidence upon which to retry the defendant[s] for these crimes." *Id.* (emphasis added).

In this case, the State of New Mexico found that there was "insufficient evidence to proceed with charges at this time." Doc. 42-8. One might conclude that this basis for dismissal is not unlike the reason given in *Wilkins*, which would mean that Plaintiff's proceeding ended favorably for him. However, Plaintiff cannot sustain a malicious prosecution claim even if the original criminal action had a favorable termination because the elements of the claim are conjunctive and probable cause existed for the criminal charges. Because at least arguable probable cause existed, Plaintiff cannot proceed on this claim.

B.     Malicious Abuse of Process[4]

The tort of malicious abuse of process recognizes that the legal process may be invoked or used in a wrongful manner, causing harm to the party forced to bear the consequences of the wrongful lawsuit. The malicious abuse of process tort is disfavored in the law because of the potential chilling effect on the right of access to the courts. *Fleetwood Retail Corp. v. LeDoux*, 142 N.M. at 150, 156 (N.M. 2007). Maliciously filing a complaint is insufficient to state a malicious abuse of process claim unless it was done without probable cause or was accompanied by some subsequent abuse of process. *Durham v. Guest*, 204 P.3d 19, 25 (N.M. 2009). The elements of this tort are: (1) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (2) a primary motive in the use of process to accomplish an illegitimate end; and (3) damages.

An improper use of process may be shown several different ways, either by showing that a complaint was filed without probable cause or by demonstrating a misuse of procedural devices such as discovery, subpoenas, or attachments, or an irregularity or impropriety in the proceedings suggesting extortion, delay, or harassment. *Fleetwood,* 142 N.M. at 155. Here. Plaintiff can show neither the lack of probable cause or the use of impropriety since his own judicial admissions demonstrate that the criminal charges were based on probable cause.   Therefore, Plaintiff cannot maintain a claim of malicious abuse of process.

---

[4]  When addressing malicious prosecution claims brought pursuant to §1983, a court uses common law elements of malicious prosecution as starting point for its analysis; however, the ultimate question is whether plaintiff has proven the deprivation of a constitutional right. *Novitsky v. City Of Aurora*, 491 F.3d 1244 (10th Cir. 2007).

   In New Mexico, the Supreme Court has merged the torts of malicious prosecution and abuse of process into a single cause of action known as malicious abuse of process. *DeVaney v. Thriftway Mktg. Corp*., 124 N.M. 512, 953 P.2d 277, 285-86 (1997), cert. denied 118 S.Ct. 2296 (1998) (listing elements).  Neither party suggests addressing count II as a merged tort.  Plaintiff styles Count II as "Malicious prosecution, Abuse of Process" and Defendants analyze these as separate claims as well.

C.    Retaliatory Malicious Prosecution

Plaintiff does not expressly assert a claim for retaliatory malicious prosecution, but Defendants contend that to the extent he intends to assert such a claim, it would fail.[5]  For this claim, a plaintiff must show *both* retaliatory motive on the part of the official urging prosecution *and* lack of probable cause. *Hartman v. Moore*, 547 U.S. 250, 265 (2006). *Becker v. Kroll*, 494 F.3d 904, 925 (10th Cir. 2007) (stating elements of retaliatory prosecution claim); *Reichle v. Howards*, 566 U.S. 658, 666 (2012) ("a plaintiff cannot state a claim of retaliatory prosecution in violation of the First Amendment if the charges were supported by probable cause").

The Court agrees with Defendants that based on the undisputed facts, Plaintiff has failed to show lack of probable cause as well as retaliatory motive on the part of Defendants and so Plaintiff cannot sustain this claim, either.

D.    Defendants Alirez and Apodaca are Entitled to Qualified Immunity

*(1) First Prong of Qualified Immunity Inquiry:*

In the foregoing discussion, the Court has determined that Plaintiff has not shown that Defendants violated his constitutional rights based on claims of Malicious Prosecution, Malicious Abuse of Process and Retaliatory Malicious Prosecution.  These findings are sufficient to entitle Defendants to qualified immunity under the first prong of the inquiry.

*(2) Second Prong of Qualified Immunity Inquiry:*  The Court need not consider the second part of the inquiry, since if a plaintiff "fails to satisfy either part of the two-part inquiry, the court must grant . . . qualified immunity." *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001).

---

[5] Defendants' desire to be thorough in its analysis is understandable, given the lack of clarity in the complaint. While the Second Cause of Action is titled as "Malicious Prosecution, Abuse of Process," the text of that count alleges that Defendants attempted to "chill his activities and retaliate against him for disclosing their malfeasance"— which looks similar to Plaintiff's First Amendment retaliatory prosecution claim asserted in the First Cause of Action.  Compl., ¶70.

However, the Court will consider it to illustrate that there is no basis for Plaintiff to continue litigating his claims. Defendants claim they would be entitled to qualified immunity on the second part of the inquiry because there is an absence of controlling authority that specifically prohibited Defendants from their actions toward Plaintiff regarding the criminal trespass charges. The Court agrees with Defendants that Plaintiff has failed to satisfy his burden to show that the law was clearly established such that Defendants Alirez and Apodoca would have known that their conduct violated Plaintiff's Fourth Amendment rights.

Plaintiff's first legal error is to urge the Court to espouse a more general concept of "clearly established" law, when this notion has been soundly rejected by the United States Supreme Court. Cases offered to show "clearly established law" must include facts that are sufficiently analogous and specific so that a reasonable official would know "that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U. S. 194, 202 (2001); *D.C. v. Wesby*, 138 S. Ct. 577, 590 (2018) ("We have repeatedly stressed that courts must not "define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced"):

> A rule is too general if the unlawfulness of the officer's conduct "does not follow immediately from the conclusion that [the rule] was firmly established." The rule's contours must be so well defined that it is "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." **This requires a high degree of specificity.**

*Wesby*, 138 S. Ct. at 590 (emphasis added) (citing *Saucier,* 533 U.S. at 202. Plaintiff commits a second error as well: even after having advanced the position that "clearly established" law should be premised on a more general statement of the law, he offers no case law at all as examples. Instead, Plaintiff engages in legal argument (Doc. 45 at 1-2) and lamely argues that the operative

inquiry is whether officer's actions were objectively reasonable (*id.* at 3)—which does not in any way satisfy his burden of showing the law was clearly established.

Plaintiff's failure to carry his burden of showing the law was clearly established entitles Defendants to qualified immunity. *See Cox v. Glanz*, 800 F.3d 1231, 1247 (10th Cir. 2015) (plaintiff failed burden under qualified immunity by failing to cite to any Supreme Court or Tenth Circuit opinion that would indicate right was clearly established); citing *Thomas v. Durastanti*, 607 F.3d 655, 669 (10th Cir. 2010) ("The plaintiff bears the burden of citing to us what he thinks constitutes clearly established law."); *Hedger v. Kramer*, 2018 WL 1082983, at *5 (10th Cir. 2018) ("The failure to identify [] a case is fatal to the claim."). Accordingly, Defendants are entitled to qualified immunity on Plaintiff's second cause of action, under either prong of the qualified immunity inquiry.

## III. Third Cause of Action: §1983 Municipal and Supervisory Liability for Violations of Federal Constitutional Rights.

In the Third Cause of Action, Plaintiff claims that Chief Alirez, by virtue of a policy over which he possessed supervisory responsibility, and the City of Truth or Consequences ("City") through this policy, caused a violation of Plaintiff's clearly established constitutional rights.

Plaintiff's municipal liability and supervisory liability claims hinge on a finding that the complaint alleges the violation of a constitutional right. To establish municipal liability under § 1983, a plaintiff must demonstrate a direct causal link between an underlying constitutional violation and a municipal policy or custom exists. *See Graves v. Thomas,* 450 F.3d at 1218. A plaintiff may impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for

the continued operation of a policy which results in a deprivation of constitutional rights.

*Dodds v. Richardson*, 614 F.3d 1185 (10th Cir. 2010).

The Court has already determined that Plaintiff cannot maintain his second cause of action, whether presented as a claim for Malicious Prosecution, Malicious Abuse of Process or Retaliatory Malicious Prosecution; and that as a result, Defendants are entitled to qualified immunity on Plaintiff's second cause of action under the first prong of a qualified immunity inquiry. This finding bars Plaintiff's third cause of action against the City because there is no underlying constitutional violation on which to base a *Monell* claim. *See, Apodaca v. Rio Arriba County Sheriff's Dept.*, 905 F.2d 1445, 1447 (10th Cir. 1990) (a municipality may not be held liable where there is no underlying constitutional violation by any of its officers (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) (where an individual law enforcement officer is entitled to qualified immunity on the ground that his or her conduct did not violate the law, it is proper to dismiss claims against the municipality.

Plaintiff's supervisory liability claim against Defendant Alirez also fails for the same reason. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir.1993) (liability of supervisor based on showing that the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance); *Cox v. Glanz*, 800 F.3d 1231, 1250 (10th Cir. 2015) (analyzing clearly established law as to supervisory liability claim). In addition, the Court's finding that Plaintiff has failed to show the law was clearly established also entitles Defendant Alirez to qualified immunity. *See Owen v. City of Independence*, 445 U.S. 622, 638 (1980); *Seamons v. Snow*, 206 F.3d 1021, 1029 (10th Cir. 2000) (Qualified immunity is not available as a defense to municipal liability.).

# CONCLUSION

In sum, this Court finds and concludes that:

(1) Plaintiff cannot sustain his second cause of action against Defendants Apodaca and Alirez asserting Malicious Prosecution and Abuse of Process and as a result, Defendants are entitled to qualified immunity on both parts of the qualified immunity analysis;

(2) Plaintiff cannot sustain his second cause of action against Defendant Alirez based on supervisory liability and as a result Defendant is entitled to qualified immunity on the second cause of action; and that

(3) Plaintiff cannot sustain his second cause of action against Defendant City of Truth or Consequences ("City") based on municipal liability because there is no underlying constitutional violation and as a result, the City is entitled to summary judgment on Count III in the *Monell* claim.

In its previous decision, the Court did not address the *Monell* claim with regard to the First Amendment claim in Count I because Defendants did not offer any argument on this issue. *See* Doc. 38 at 16. In their summary judgment motion, however, Defendants argue that the *Monell* claim should be dismissed because Plaintiff cannot show that his constitutional rights were violated. While the Court focused on the "clearly established" prong in the Order granting in part Defendants' motion to dismiss (Doc. 38 at 15-16), it is also clear that Plaintiff cannot show that Defendants retaliated against him in violation of his First Amendment rights either, because probable cause existed for the criminal trespass charge. *See Mocek v. City of Albuquerque*, 813 F.3d 912, 931–32 (10th Cir. 2015) (In First Amendment Retaliation claim, Plaintiff must show lack of probable cause for retaliatory prosecution cases). As a result, the *Monell* claims in Count III must be dismissed entirely, with regard to both of Plaintiff's underlying substantive claims in Count I and Count II.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Summary Judgment on Plaintiff's Second and Third Causes of Action (**Doc. 42**) is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

As a result of the Court's cumulative findings in this Opinion and in its previous Opinion, there are no claims remaining in Plaintiff's complaint, and the rulings herein dispose of Plaintiff's case in its entirety.

By separate pleading, the Court shall issue a Rule 58 Judgment.

_____
CHIEF UNITED STATES DISTRICT JUDGE